# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY TARRATS, | No. 4:17-CV-0432 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN SPAULDING, | |
| Respondent. | |

## ORDER

### FEBRUARY 6, 2018

Before the Court for disposition is a Report and Recommendation filed by Chief Magistrate Judge Susan E. Schwab on July 19, 2017.[1] In this Report, Chief Magistrate Judge Schwab recommended that (1) Jeffrey Tarrats' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be dismissed for lack of jurisdiction, and (2) the Clerk be directed to close this case.[2] Petitioner Jeffrey Tarrats subsequently filed (1) Objections to this Report on August 7, 2017, and (2) a Motion to Hold disposition of this case in abeyance pending the Supreme Court of the United States' decision whether to grant certiorari in *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017).[3]

---

[1] ECF No. 14.

[2] *Id.*

[3] ECF Nos. 15 & 16.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[4]  Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[5]  When objections are timely filed, the District Court must conduct a *de novo* review of those portions of the report to which objections are made.[6]  Although the standard of review for objections is *de novo*, the extent of review lies within the discretion of the District Court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[7]

Following *de novo* review of the record, I am satisfied that the Report and Recommendation is sound in its legal reasoning and conclusion, and that Petitioner's Objections advance arguments correctly rejected by the Magistrate Judge.  The Third Circuit recently explained that two conditions must be satisfied to permit access to 28 U.S.C. § 2241 under the savings clause of 28 U.S.C. § 2255(e):

> First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court

---

[4] 28 U.S.C. § 636(b)(1)(B).

[5] 28 U.S.C. § 636(b)(1).

[6] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

[7] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."[8]

Here, Petitioner does not argue that a change in statutory law has rendered him actually innocent of his crime of conviction, but rather that that his sentencing designation as a career offender was erroneous. Such a challenge, however, does not fall within the safety valve exception of *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).[9] Furthermore, while Petitioner has requested that the Court stay proceedings pending the Supreme Court's decision in *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017), that motion will be denied as moot, given the denial of certiorari on December 4, 2017.[10]

**AND NOW**, therefore, **IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Susan E. Schwab's Report and Recommendation (ECF No. 14) is **ADOPTED IN ITS ENTIRETY**;

2. Jeffrey Tarrats' Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** for lack of jurisdiction;

---

[8] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).
[9] *See* Report and Recommendation (ECF No. 14) at 8-9 (collecting cases).
[10] *McCarthan v. Collins*, 138 S.Ct. 502 (2017).

3. Jeffrey Tarrats' Motion to Hold Disposition of this Case in Abeyance (ECF No. 16) is **DENIED** as moot; and

4. The Clerk of Court is directed to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge